**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACQUES COOK, JR., | ) | Case No. 1:25-cv-2398 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| SHELTON COLEMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Jacques Cook Jr. brings this suit without a lawyer against Defendants Shelton Coleman, Betty Weaver, and the City of Cleveland alleging a due process violation under Section 1983 and various State-law claims. Defendants move for judgment on the pleadings. For the reasons that follow, the Court **DENIES** Plaintiff's motion for leave to file a sur-reply, **DENIES** Plaintiff's motion to toll the statute of limitations, and **GRANTS IN PART** Defendants' motion for judgment on the pleadings.

**STATEMENT OF FACTS**

The Court notes that Plaintiff's complaint does not contain numbered paragraphs. Also, Plaintiff named Betty Weaver as a Defendant. However, in their motion for judgment on the pleadings, Defendants clarify that Ms. Weaver now uses the last name Beal. (ECF No. 8, PageID #65.) Accordingly, throughout this Order, the Court refers to this Defendant as Betty Beal. Taking the facts alleged in the

complaint as true and construing them in Plaintiff's favor, as the non-moving party, the complaint alleges the following facts.

Plaintiff Jacques Cook, Jr. alleges that the City of Cleveland employed and trained Shelton Coleman and Betty Beal. (ECF No. 1-2, PageID #9.) On or around November 30, 2022, Mr. Coleman issued a "No Trespass Order" against Mr. Cook that barred his entry into city hall. (*Id.*, PageID #10.) Plaintiff alleges that Mr. Coleman and Ms. Beal were "acting within the scope of their employment" and "improperly used their official positions to punish [him]." (*Id.*) He claims that the no-trespass order was a "false written statement," which Mr. Coleman and Ms. Beal "collaborated to create and publish" about him. (*Id.*)

According to the complaint, Mr. Coleman and Ms. Beal prepared a statement accusing Mr. Cook of being "belligerent and threatening Ms. [Beal's] life" during an altercation on or around November 15, 2022. (*Id.*, PageID #10.) The statement was published, "including but not limited to being placed in official files or communicated to third parties." (*Id.*, PageID #10.)

Plaintiff alleges that the "wrongful issuance" of the no-trespass order and "the false accusation of life threats" were "extreme and outrageous." (*Id.*, PageID #12.) Also, he alleges that the no-trespass order was "made with reckless disregard for the truth or with actual malice" and was "issued without any prior notice, evidentiary hearing, opportunity to respond, or established appeal process[.]" (*Id.*, PageID #10; *see also id.*, PageID #11.)

Because of Mr. Coleman's and Ms. Beal's conduct, Plaintiff alleges that he suffered severe emotional distress, reputational harm, and financial loss. (*Id.*, PageID #10–11.)

## STATEMENT OF THE CASE

Plaintiff sued Defendants Shelton Coleman, Betty Beal, and the City of Cleveland alleging violation of due process under Section 1983 and bringing three claims under State law for "defamation (libel)," "intentional infliction of emotional distress," and "malicious, bad faith, or wanton/reckless conduct." (ECF 1-2, PageID #10–12.) In his claim under Section 1983, sues Mr. Coleman and Ms. Beal in their individual and official capacities and seeks to hold the City liable for failure to adequately train and supervise its employees under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

On October 2, 2025, Plaintiff filed his complaint in State court. (ECF No. 1-2.) Defendants timely removed this action to federal court. (ECF No. 1.) Defendants move for judgment on the pleadings. (ECF No. 8.) After he opposed the motion (ECF No. 10) and Defendants replied (ECF No. 15), Plaintiff moved for leave to file a sur-reply (ECF No. 16), which the Court **DENIES** pursuant to Section 9.D. of its Standing Order. Later, Plaintiff moved to toll the statute of limitations, specifically for his "defamation and libel claims[.]" (ECF No. 17, PageID #146.)

## GOVERNING LEGAL STANDARD

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded pro se plaintiffs has limits, *see e.g.*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

"The only difference between Rule 12(c) and Rule 12(b)(6)" is timing. *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003). Rule 12(c) provides that, once "the pleadings are closed" a party may "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings . . . generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)); *see also Holland v. FCA US LLC*, 656 F. App'x 232, 236 (6th Cir. 2016).

On a motion under Rule 12(c), courts "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)." *Bates*, 958 F.3d at 480 (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)). "In other words, judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law." *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021). In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not

unwarranted inferences or legal conclusions. *Holland*, 656 F. App'x at 236–37 (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

While "the court's decision rests primarily upon the allegations of the complaint[,]" *JTO, Inc. v. Travelers Indem. Co. of Am.*, 242 F. Supp. 3d 599, 602 (N.D. Ohio 2017), it may also consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to or made part of the complaint, *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" will survive. *Bates*, 958 F.3d at 480 (quotation and citation omitted). Conversely, "[m]ere labels and conclusions are not enough[.]" *Engler*, 862 F.3d at 575. Nor are facts that are "merely consistent with" liability. *Bates*, 958 F.3d at 480 (quotation omitted).

## ANALYSIS

Defendants argue that the applicable statutes of limitation bar each claim. (ECF No. 8, PageID #74–76.) Plaintiff argues that this action is timely under Ohio's savings statute. (ECF No. 10, PageID #104.) Generally, it is inappropriate to dismiss claims based on a statute of limitations at the Rule 12 stage. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (citation omitted). But if the allegations in the complaint "affirmatively show" that a claim is time barred, then dismissal is warranted. *Id.* (quoting *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464

(6th Cir. 2013)). Therefore, to determine the timeliness of Plaintiff's claims, the Court reviews the procedural history of Plaintiff's original action and this action.

In his motion to toll the statute of limitations, Plaintiff raises for the first time that he "did not, and could not, reasonably discover" the no-trespass order until January 24, 2024. (ECF No. 17, PageID #146.) As Defendants point out in their opposition to the motion to toll the statute of limitations, they raised the timeliness issue in their motion for judgment on the pleadings, yet Plaintiff did not mention the January 24, 2024 date until his motion to toll, which he filed after the close of briefing on the motion for judgment on the pleadings. Moreover, the pleadings contain no allegations or other information regarding the January 24, 2024 date. But a party may not amend through a brief. *See, e.g.*, *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014) (collecting cases). And when Defendants raised the statutes of limitation in their motion for judgment on the pleadings, Plaintiff could have sought leave to amend his complaint, but he did not do so. *See* Fed. R. Civ. P. 15(a)(2). In any event, Plaintiff has not sought leave to amend. Accordingly, the Court **DENIES** Plaintiff's motion to toll the statute of limitations. (ECF No. 17.) For purposes of calculating the applicable limitations period for each claim, the Court does not consider the argument raised for the first time in Plaintiff's motion to toll the statute of limitations, which finds no support in the pleadings or in the briefing on Defendants' motion for judgment on the pleading.

## I. Fourteenth Amendment Due Process (Count 1)

Section 1983 itself does not provide a statute of limitations. In such circumstances, federal courts borrow the applicable limitations period from the most analogous one available under State law. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989). Here, the most closely analogous limitations period under Ohio law is the general two-year limitations period for bringing a tort action. *See* Ohio Rev. Code § 2305.10; *see Beaver Street Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).

When a cause of action under Section 1983 accrues and begins to run presents "a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the claim." *Holson v.* Good, 579 F. App'x 363, 366 (6th Cir. 2014). To ascertain when that occurs, a court determines "what event should have alerted the typical lay person to protect his or her rights." *Kuhnle Bros., Inc., v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997); *see also Printup*, 654 F. Appx. at 785. A plaintiff should know of the injury when it should have been discovered through the "exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). This discovery rule accounts for situations "where the injury complained of may not manifest itself immediately and, therefore, fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations." *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 470 (6th Cir. 2013) (citing *NCR Corp. v. U.S. Mineral Prods. Co.*, 72 Ohio St. 3d 269, 1995-Ohio-191, 649 N.E.2d 175, 177 (1995)).

Plaintiff alleges that the no-trespass order was issued on November 30, 2022. Based on the allegations in the complaint, there is no reason to believe that Mr. Cook or should have known of the no-trespass order at that time or reasonably close to it. Indeed, it followed some sort of incident on November 15, 2022 between Mr. Cook and Ms. Beal. (ECF No. 1-2, PageID #10.) With a two-year limitations period, Plaintiff had to file suit by November 30, 2024. He brought suit in State court within this timeframe, filing his first case on May 21, 2024. (*See Cook v. City of Cleveland*, No. CV-24-997746 (Cuyahoga Cnty. C.P.).) But that lawsuit only brought a claim for defamation and libel. Although it is unclear what other claims Plaintiff might have tried to bring, he did not assert a claim under Section 1983 or federal law. Therefore, no tolling occurred, at least with respect to Plaintiff's claims under Section 1983, and he did not file this lawsuit until October 1, 2025—well after expiration of any reasonable time for filing suit.

Under Ohio's savings statute, assuming it applies, a plaintiff "may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." Ohio Rev. Code § 2305.19. The State trial court dismissed Mr. Cook's first lawsuit on October 1, 2024 for failure to prosecute. (*See Cook v. City of Cleveland*, No. CV-24-997746, Judgment Entry (Oct. 1, 2024) (dismissing the case for want of prosecution).) Although Plaintiff argues that dismissal of his first action occurred on October 4, 2024 (ECF No. 10, PageID #104), the State court's docket reflects that the judgment was signed and entered on October

1, 2024. Under Section 2305.19, this dismissal constitutes a "failure otherwise than upon the merits" and it triggers the later of the two deadlines for filing suit on the facts presented. Therefore, the statute gave Plaintiff a year from that date to commence suit. Still, he filed his complaint in State court on October 2, 2025. (ECF No. 1-2.) Therefore, the Ohio savings statute does not make this lawsuit timely.

Alternatively, Plaintiff argues that the no trespass order constitutes a continuing violation, making the claim timely. (ECF No. 10, PageID #104.) As Defendants note (ECF No. 15, PageID #129), Plaintiff did not include a continuing violation theory or allege the facts supporting one in his complaint. Again, Plaintiff may not use a brief to insert an argument into the case that the pleadings do not. In any event, Plaintiff points to no authority that Section 1983 employs the continuing violation doctrine when determining or applying the applicable limitations period.

With respect to Plaintiff's *Monell* claim, a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (2018). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* "There can be no liability under *Monell* without an underlying constitutional violation." *Robertson*, 753 F.3d 606, 622 (6th Cir. 2014). The "conclusion that no officer-defendant has deprived the plaintiff of any constitutional right *a fortiori* defeats a claim against the government entity as well." *Scott v. Clay Cnty.*, 205 F.3d 867, 879 (6th Cir. 2000) (citing *City of*

*Los Angeles v. Heller*, 475 U.S. 796, 799)) (cleaned up). Because Mr. Cook's federal due process claim is not timely, Plaintiff cannot maintain a *Monell* claim either.

## II. State-Law Claims

Plaintiff asserts three State-law claims against Defendants for "defamation (libel)" (Count 2), "intentional infliction of emotional distress" (Count 3), and "malicious, bad faith, or wanton/reckless conduct" (Count 4). (ECF No. 1-2, PageID #11–12.) Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over these claims. Under federal law "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). This grant of jurisdiction brings all claims arising from a common nucleus of operative fact before the Court. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016).

Even then, a court "may decline to exercise supplemental jurisdiction" in certain circumstances. 28 U.S.C. § 1367(c). Supplemental jurisdiction "is a doctrine of discretion." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). To determine whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also James v. Hampton*, 592 F. App'x 449, 462–63 (6th Cir. 2015) (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1882 (6th Cir. 1993)). Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex

issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Because the Court dismisses Plaintiff's federal claim as untimely, the Court may, in its discretion, either retain jurisdiction over Plaintiff's State-law claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009), or decline jurisdiction and dismiss the complaint without prejudice to Plaintiff's right to pursue the remaining claim in State court, *see* 28 U.S.C. § 1367(c)(3). "[G]enerally 'when all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the [S]tate law claims." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)); *see also Juergensen v. Midland Funding, LLC*, No. 5:18-cv-1825, 2018 WL 5923707, at *2 (N.D. Ohio Nov. 13, 2018).

Based on its review of the record, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim under State-law. Because the Court dismisses the federal claims, the balance of considerations favors remanding this action to the State court. In this way, Plaintiff may pursue his remaining claims there should he choose to do so.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for leave to file a sur-reply (ECF No. 16), **DENIES** Plaintiff's motion to toll the statute of limitations (ECF No. 17), and **GRANTS IN PART** Defendants' motion for judgment on the pleadings (ECF No. 8). The Court grants Defendant's motion with respect to the federal claims in Count 1 and remands the balance of the case to the Cuyahoga County Court of Common Pleas.

**SO ORDERED.**

Dated: September 8, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio